**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| KIMBERLY MEADOR, INDIVIDUALLY, AND AS GUARDIAN FOR L.M., A MINOR; AMOS STANDARD, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF SHARI STANDARD, DECEASED; AND RUSSELL JONES, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF SANDRA JONES, DECEASED.<br><br>Plaintiffs,<br><br>v.<br><br>APPLE, INC.<br><br>Defendant. | Case No. 6:15-cv-715-MHS-KNM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE
SECOND AMENDED COMPLAINT**

Plaintiffs Kimberly Meador, Individually, and as Guardian for L.M., a Minor; Amos Standard, Individually, and on behalf of the Estate of Shari Standard, Deceased; and Russell Jones, Individually, and on behalf of the Estate of Sandra Jones, Deceased; (collectively "Plaintiffs") request leave of court to file their second amended complaint.

**I. INTRODUCTION**

1. Plaintiffs filed an amended complaint on April 22, 2016. On May 9, 2016, Plaintiffs and Defendant Apple, Inc. ("Apple") filed a Joint Stipulation Regarding Response to Plaintiffs' First Amended Complaint and Defendant Apple Inc.'s Motion to Dismiss.

2. On August 16, 2016, the magistrate designated to make a report and recommendation ("R&R") to the Court in relation to Defendant's motion to dismiss, recommended that Plaintiffs'

claims against Apple be dismissed for failure to state a claim (Dkt # 54).[1]

3. Plaintiffs now seek leave to file a second amended complaint because the R&R recommends that the Court grant Defendant's motion to dismiss.

4. Plaintiffs seek to amend their complaint to: (1) make their previous allegations as to causation more salient; (2) expound on previous allegations of addiction/compulsion; and (3) to clarify Plaintiffs' allegations related to the alleged safer alternative designs and Apple's failures actionable under products liability and negligence theories of liability.

## B. ARGUMENT

5. When a plaintiff's complaint fails to state a claim, the Court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). A party must "expressly request" leave to amend. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Although this request need not be contained in a formal motion, "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *United States ex. rel. Willard,* 336 F.3d at 387. Furthermore, objections to the report and recommendation of a magistrate may provide an opportunity to serve as a request for leave to amend, if the particular grounds on which the amendment was sought are provided by the plaintiff. *Estes v. JP Morgan Chase Bank, N.A.*, 613 Fed. Appx. 277, 280-281 (5th Cir. Tex. 2015).

6. Under Rule 15(a), a court should "freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis,* 371 U.S. 178, 183 (1962), *C.F. v.*

---

[1] Plaintiffs will file objections to the R&R highlighting the errors contained therein.

*Capistrano Unified Sch. Dist.* 654 F.3d 975, 985 (9th Cir. 2011); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). Plaintiffs' Amended Complaint contained allegations relating to causation that were overlooked by the magistrate in the R&R. Plaintiffs' Amended Complaint currently on file contained allegations related to the compulsive/addictive nature of the use of the iPhone 5 while driving (Dkt. # 33, p. 6, ¶ 19; p. 9, ¶ 24); that Apple, knowing the dangers involved with the use of the iPhone 5 while driving, designed the iPhone 5 to alert Kubiak of incoming messages through notifications and/or provide said messages to Kubiak while driving at highway speeds (Dkt. # 33, p. 10, ¶ 26); that Kubiak was distracted from the safe operation of her vehicle while operating her iPhone 5 to check an incoming message on her iPhone 5 immediately prior to the collision at issue (Dkt. # 33, p. 3, ¶ 11); that such distraction was the producing cause and proximate cause of the collision (Dkt. # 33, p. 14, ¶ 34; p. 15, ¶ 38); and that Apple's conduct and Kubiak's conduct were so inextricably intertwined such that derivative liability applied with respect to causation (Dkt. # 33, p. 9, ¶ 26). The R&R made no mention of the above allegations with respect to compulsion/addiction and derivative liability, and provided no analysis of these causation allegations in the R&R's conclusion that: "the iPhone or Apple's conduct are too remotely connected with Plaintiffs' injuries to constitute their legal cause." (Dkt. # 54, p. 9). In light of the existing allegations in Plaintiffs Amended Complaint (Dkt. # 33), related to compulsion/addiction as well as derivative liability, it appears that said allegation must have been overlooked. Therefore, Plaintiffs request leave to file a second amended complaint to clearly set out these allegations.

7.    The Court should allow the filing of Plaintiffs' amended pleading because it is appropriate and necessary. *See Gamma-10 Plastics, Inc., v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994). In light of the foregoing case law, Plaintiffs expressly and

specifically request amendment following the R&R recommending dismissal of Plaintiffs' amended complaint (Dkt. # 33).

8. The Court should allow the filing of Plaintiffs' amended pleading because Defendant will not be prejudiced by the amended pleading. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118-19 (4th Cir. 2013), *cert denied*, 134 S. Ct. 2871 (2014); *Bylin v. Billings*, 568 F.3d 1224, 1229-30 (10th Cir. 2009). As stated above, the current complaint on file already contains allegations related to compulsion/addiction of the iPhone 5, allegations of derivative liability, and the safer alternative designs alleged. Plaintiffs' Second Amended Complaint makes these allegations more obvious.

9. The Court should allow the filing of Plaintiffs' amended pleading because Plaintiffs are not guilty of undue delay. *Scott v. Family Dollar Stores, Inc.*, 733 F.3d 105, 118-19 (4th Cir. 2013), *cert denied*, 134 S. Ct. 2871 (2014); *see Foman v. Davis*, 371 U.S. 178,182 (1962). Plaintiffs moved to amend as soon as it became apparent that the amendment was necessary following the R&R. See *United States ex. rel. Willard,* at 387; *Estes at* 280-281; *Arreola v. Godinez*, 546 F.3d 788, 795-96 (7th Cir. 2008); *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985).

10. The Court should allow the filing of Plaintiffs' amended pleading because the Court will not be substantially burdened by any delay that Plaintiffs' amended pleading may cause. *See Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 725 (5th Cir. 2004). The proposed second amended complaint does not contain any new causes of action. Furthermore, the discovery deadline has not passed, and no substantially new fact allegations have been alleged.

11. The Court should allow the filing of Plaintiffs' amended pleading because the amendment is not futile. *See Ayers v. Johnson,* 247 F. App'x 534, 535 (5th Cir. 2007). Although

4

the R&R opines: "an amendment would not cure the deficiencies identified above," as argued herein, the R&R did not consider plaintiffs' allegations as to causation with regard to compulsion/addiction and derivative liability, such that those allegations must have been overlooked. Therefore, plaintiffs believe it necessary to amend in order to isolate those allegations, expound upon them, and clarify them for the Court's proper consideration.

12. Plaintiffs are filing their second amended complaint along with this motion.

## C. CONCLUSION

For these reasons, Plaintiffs ask the Court to grant leave to file their second amended complaint.

Respectfully submitted,

/s/ _Gregory P. Love_
Gregory P. Love
Texas Bar No. 24013060
**LOVE LAW FIRM, PC**
P. O. Box 948
Henderson, Texas 75653
Telephone: (903) 212-4444
Facsimile: (903) 392-2267
greg@lovetrialfirm.com

Ron Adkison
State Bar No. 00921090
**ADKISON LAW FIRM**
300 West Main Street
Henderson, Texas 75652
903-657-8454
903-657-6108 (Fax)

John F. (Jack) Walker, III
State Bar No. 00785167
Marisa Schouten
State Bar No. 24039163
**MARTING WALKER, PC**
121 N. Spring Ave.
Tyler, TX 75702
903-521-1600

5

903-595-0796 (Fax)  
jwalker@martinwalkerlaw.com

**COUNSEL FOR PLAINTIFFS**

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for plaintiff and defendant have conferred in compliance with Local Rule CV-7(h) and that defendants oppose to this motion.

/s/ *Gregory P. Love*  
Gregory P. Love

**CERTIFICATE OF SERVICE**

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 30th day of August, 2016.  Any other counsel of record will be served via first class mail.

/s/ *Gregory P. Love*  
Gregory P. Love