## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| KIMBERLY MEADOR, ET AL., | |
| Plaintiffs, | |
| v. | Civil Action No. 6:15-CV-00715-RWS-KNM |
| APPLE INC. | |
| Defendant. | |

### DEFENDANT APPLE INC.'S NOTICE OF ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendant Apple Inc. ("Apple"), and respectfully submits this Notice of Order and attaches a copy of the Order Sustaining Apple Inc.'s Demurrers to Plaintiffs' First Amended Complaint in *Bethany Modisette, et al. v. Apple Inc.*, Case No. 16cv304364, in the Superior Court of the State of California for the County of Santa Clara.

### I.

On August 16, 2016, Magistrate Judge Mitchell issued a Report and Recommendation ("R&R") granting Apple's Motion to Dismiss with prejudice (Dkt. No. 54). Plaintiffs filed their objections to the R&R on August 30, 2016 (Dkt. No. 60), and Apple filed its response to Plaintiffs' objections on September 20, 2016 (Dkt. No. 64). Subsequently, Plaintiffs filed a "Supplement" to their objections on November 30, 2016 (Dkt. No. 66) to which Apple responded on December 9, 2016 (Dkt. No. 67). No further activity has taken place since that time. The case is stayed pending an order from the District Court on Apple Inc.'s Motion to Dismiss. (Dkt. No. 56).

## II.

On December 23, 2016, a similar case was filed against Apple by Plaintiffs' counsel in state court in California arising out of an accident that occurred in Denton County, Texas (*Bethany Modisette, et al. v. Apple Inc.*, Case No. 16cv304364).   In the Denton County accident, a driver was allegedly utilizing Apple's FaceTime application on his iPhone 6 Plus while driving, and struck the Modisettes' vehicle.   The Modisettes' legal claims against Apple are substantially similar to the *Meador* suit.   Apple moved to dismiss the First Amended Complaint in the *Modisette* case on the basis that plaintiffs failed to allege facts sufficient to constitute a cause of action, similar to Apple's Motion to Dismiss filed in the *Meador* matter.   The California court sustained the demurrer without leave to amend and dismissed the case in its entirety, citing the R&R in *Meador* as persuasive authority for its ruling:

> Although it is not binding authority here, the Court finds persuasive the reasoning and finding of the United States District Court in *Meador v. Apple, Inc*. (E.D. Tex., Aug. 16, 2016, No. 6:15-CV-715) 2016 WL 7665863.   There, the District Court rejected at the pleading stage similar theories of liability alleged against Apple, finding "because the circumstances here are not 'such that reasonable jurors would identify [the iPhone or Apple's conduct] as being actually responsible for the ultimate harm' to Plaintiffs, the iPhone and Apple's conduct are too remotely connected with Plaintiffs' injuries to constitute their legal cause." (*Id*., at p. *4.)   In dismissing the plaintiff's claims against Apple, the District Court concluded that the plaintiffs "failed to state a plausible products liability claim under either a strict liability or negligence theory." (*Ibid*.)   This Court agrees.   The chain of causation alleged by Plaintiffs in this case is far too attenuated for a reasonable person to conclude that Apple's conduct is or was a substantial factor in causing Plaintiffs' harm.   (See CACI 430.)

A copy of the final *Modisette* Order is attached hereto as Exhibit 1.

Dated:  May 30, 2017

Respectfully submitted,

By: */s/ Eric H. Findlay*
Eric H. Findlay
State Bar No. 00789886
Brian Craft
State Bar No. 04972020
Debby Gunter
State Bar No. 24012752
Findlay Craft, P.C.
Principal Office:
102 N. College Ave. Suite 900
Tyler, Texas  75702
Tel:  (903) 534-1100
Fax:  (903) 534-1137
Email: efindlay@findlaycraft.com
Email: bcraft@findlaycraft.com
Email: dgunter@findlaycraft.com

*Counsel for Defendant Apple Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 30, 2017, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  This Notice was served on all counsel by electronic filing.

*/s/ Eric H. Findlay*
Eric H. Findlay