**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| KIMBERLY MEADOR, ET AL., | |
| Plaintiffs, | |
| v. | Civil Action No. 6:15-CV-00715-RWS-KNM |
| APPLE INC. | |
| Defendant. | |

## DEFENDANT APPLE INC.'S RESPONSE TO PLAINTIFFS' BRIEF ON CONCURRENT CAUSATION

**INTRODUCTION**

During the hearing on the Objections to the Report and Recommendation the Court asked Plaintiffs if any court in the country has permitted a case such as this to proceed forward.  *See* Motion Hearing on Plaintiffs' Objections to Report and Recommendation Before the Honorable Robert W. Schroeder III (Transcript of hearing July 12, 2017, p. 38).  Plaintiffs could not identify one, because there is not one.  And quite contrary to Plaintiffs' representations, numerous courts beyond this one and the *Modisette*[1] court have considered and rejected attempts to shift blame for distracted driving to the manufacturer or supplier of the product or service that allegedly caused the distraction.[2]  Equally important, each of these decisions was made on the pleadings through a FRCP 12(b)(6) motion or analogous state procedural grounds.

Plaintiffs' brief on concurrent causation is another rehash of previously raised allegations and rejected arguments, now couched in slightly different language.  Moreover, everything in Plaintiffs' latest brief could have been raised within Plaintiffs' objections to Magistrate Judge Mitchell's Report and Recommendation.[3]  Judge Mitchell correctly concluded, assuming all of Plaintiffs' factual allegations as true, that a "risk of injury did not materialize until Kubiak neglected her duty to safely operate her vehicle by diverting her attention from the roadway."  Apple's iPhone "did nothing more than create the condition that made the Plaintiffs' injuries

---

[1] Plaintiffs' counsel here also represented the Modisettes.  Both the Modisettes and the at-fault driver were Texas residents, and the accident occurred in the Eastern District of Texas.  Yet in an attempt to avoid the ruling by Judge Mitchell, Plaintiffs' counsel filed the *Modisette* case in California state court.

[2] Similar conclusions and reasoning can be found in the several other cases across the country that have dealt with claims involving distracted driving.  *See* Dkt. No. 7, Apple's Motion to Dismiss, pp. 12-17.  All the cases cited therein found that the respective plaintiffs had failed to state a viable cause of action.

[3] Plaintiffs suggest at fn. 2, Dkt. No. 77, that concurrent causation was not specifically raised because they only had 10 pages, but they never sought additional pages and they also (unilaterally and without leave) filed supplemental objections, Dkt. No. 66, related to NHTSA guidelines on November 30, 2016.  Accordingly, as Apple did so in its response to Plaintiffs' Objections to the Report and Recommendation, Apple objects to the consideration of any new argument and authorities.

possible," and as such "the iPhone and Apple's conduct are too remotely connected with Plaintiffs' injuries to constitute their legal cause."  Dkt. No. 54, p.  9.

Additionally, Judge Mitchell astutely noted that, notwithstanding "Plaintiffs [did not request] leave to amend"… "an amendment would not cure the deficiencies identified above. Plaintiffs' First Amended Complaint sets forth their best case on the causation element of their claims, but still falls short of stating legally cognizable claims of strict products liability and negligence.  Accordingly, allowing Plaintiffs to amend their complaint would be futile under the facts presented in this case."  Dkt. No. 54, p. 10.

**1.      Plaintiffs' New Theory Of Concurrent Causation Does Not Render Their Allegations Plausible Or Their Legal Theory Viable.**

Plaintiffs' argument is that Judge Mitchell did not conduct a so-called "concurrent cause" analysis; the implication being that if one had been done Apple would have been determined to be one of the causes of Plaintiffs' injuries.  There is no support in law for this assertion.  It is simply an attempt to muddy the waters. A concurrent cause scenario arises "where several causes producing harm are concurrent, and each is an efficient cause [cause in fact] without which the injury would not have happened."  The injury at issue "may be attributed to all or any of the causes."  *Dover Corp., et al v. Perez*, 587 S.W.2d 761, 765 (Tex. App.—1979, writ ref'd).  But in this scenario, each alleged cause must be a "cause in fact" of the injury.  Cause in fact is an essential element of every tort recognized in Texas.  *Hawkins v. Walvoord, et al.,* 25 S.W.3d 882, 892 (Tex. App.—El Paso 2000, pet. denied); *Crum & Forster, Inc. v. Monsanto Co.*, 887 S.W.2d 103, 130 (Tex. App.—Texarkana 1994, no writ) (judgment vacated by agreement 1995 WL 273592).  Cause in fact means an act or omission complained of was a substantial factor in bringing about the injury and without which no harm would have occurred.  *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995).  "Where the initial act of [alleged] negligence was not the active

3

and efficient cause of the plaintiffs' injuries, but merely created the condition by which the second act of negligence could occur, the resulting harm is *too attenuated from the defendant's conduct to constitute the cause in fact of plaintiffs' injuries.*"  *IHS Cedars Treatment Centers of DeSoto, Texas, Inc., et al. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004) (emphasis added).

As Judge Mitchell correctly determined, there are simply no plausible allegations that Apple caused Plaintiffs' injuries.  As a matter of law, "the iPhone and Apple's conduct are too remotely connected with Plaintiffs' injuries to constitute their legal cause." Dkt. No. 54, p. 9. Accordingly, neither Judge Mitchell nor this Court need delve in to the so-called concurrent causation analysis since Judge Mitchell correctly found that Apple's alleged conduct was not a cause in fact [efficient cause] of Plaintiffs' injuries.  Therefore, Plaintiffs' complaint that Judge Mitchell erred because she did not conduct a concurrent cause analysis misses the point.  Since Plaintiffs failed to establish that Apple's conduct was a "cause in fact" of Plaintiffs' injuries, there was no need to conduct a concurrent cause analysis.  Judge Mitchell correctly concluded that under the rationale of *Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex. 1995), and *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991), the iPhone and Apple's alleged conduct could not, as a matter of law, constitute a "cause in fact," and was "too remotely connected with Plaintiffs' injuries to constitute their legal cause." Dkt. No. 54, p. 6, 9.  At most, Apple's conduct and the iPhone did "…no more than furnish the condition that makes the plaintiff's injuries possible." Dkt. No. 54, p. 7, quoting *Union Pump*, 898 S.W.2d at 776.

**2.     Judge Mitchell Conducted a Proper FRCP 12(b)(6) Analysis.**

Plaintiffs claim that Judge Mitchell reached her conclusion by improperly disregarding their so-called well-pleaded factual allegations. Dkt. No. 77, p. 2, fn. 1.  This erroneous claim reveals a fundamental misunderstanding of the Court's proper role when considering a motion to

dismiss under FRCP 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added).  "[O]nly a complaint that states a *plausible claim for relief* survives a motion to dismiss."  *Id.*[4]  A claim is "plausible" when there is "factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged."  *Id.* at 679 (emphasis added).  Plaintiffs' repeated claims that everything they have asserted, however preposterous, must be accepted as true, Dkt. No. 77, p. 9, is not the law: "Determining whether a complaint states a plausible claim for relief. . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and *common sense*." *Iqbal*, 556 U.S. at 679 (emphasis added).  Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (a court is not "bound to accept as true a legal conclusion couched as a factual allegation").

Nevertheless, Plaintiffs claim that Judge Mitchell disregarded so called "factual allegations." Dkt. No. 77, p. 2, fn. 1.  Specifically, they assert that the iPhone5 generates "harmful forces."  *Id*.  Then they improperly suggest that Judge Mitchell adopted this characterization of "harmful forces," but then disregarded them: "The Report & Recommendation ('R&R') determines that the harmful forces generated by the iPhone 5, came to a rest upon delivery of the distracting message to Kubiak's iPhone 5."  *Id*., p. 2.  The clear implication is that this is an accurate quote or representation from Judge Mitchell's R&R.  It is not.  Judge Mitchell stated the following: "…the forces generated by the iPhone's alleged defect and by Apple's conduct in

[4] The word "plausible" appears neither in Plaintiffs' Brief on Concurrent Causation, Dkt. No. 77, nor their Objections to Judge Mitchell's Report and Recommendation, Dkt. No. 60.

designing and marketing the iPhone came to rest after the incoming message was delivered to Kubiak's iPhone." Dkt. No. 54, p. 9. Nowhere did Judge Mitchell characterize the "forces generated by the iPhone" as "harmful." Moreover, such a characterization is not a well-pleaded factual allegation, but rather a nonsensical allegation devoid of common sense. The "forces" at issue are alleged electronic messages; a series of digital 1s and 0s traveling over radio waves through a cellular or Wi-Fi network. There is nothing remotely "harmful" in their transmission.

Next, Plaintiffs argue that the ability to use an iPhone "contemporaneous[ly] while driving, coupled with "compulsive use," are other aspects of the "harmful forces" that Judge Mitchell disregarded.[5] Again, these are not well-pleaded plausible factual allegations. They are legal and causation conclusions "couched as factual allegations." *Papasan*, 478 U.S. at 286. And they contravene any reasonable assessment of the Court's judicial experience and common sense. For instance, Plaintiffs argue, "the R&R improperly disregards these allegations [of harmful forces]," and wrongly concluded that they "came to rest" because "…the opposite is in fact well-pleaded in the Complaint…" Dkt. No. 77, p. 2, fn 1. To accept this argument, Judge Mitchell and this Court would have to accept as true that Ashley Kubiak was "involuntarily compelled" by these so-called "harmful forces" to look at or check her phone while driving. Stated differently, the Court would have to conclude that the iPhone's "harmful forces" *forced* Kubiak to distract herself from the act of driving. No Court is required to accept such unfounded, illogical allegations.

Plaintiffs' claim is all the more implausible when Ashley Kubiak's driving record is considered. Ashley Kubiak was breaking the law when she decided to drive on the day of the accident. Her license had been suspended weeks before the accident for being a "habitual

---

[5] In their proposed Second Amended Complaint, Plaintiffs go even further: "The iPhone 5 facilitates an 'automatic/involuntary and/or compulsive response that resulted in Kubiak reading the message…'" Dkt. No. 77, p.8 fn. 8.

offender."  She had no less than seven speeding tickets and/or accidents over the previous several

years.  *See* Dkt. No. 7, p. 8, Apple's Motion to Dismiss.  Thus Plaintiffs' allegation that "…Ashley

Kubiak's distraction from the task of driving was completely dependent upon the iPhone 5…"[6] is

directly  contradicted  by  the  undisputed  factual  record  in  this  case.  Ms. Kubiak  was  an

irresponsible, reckless driver and it was only a matter of time before a tragedy like this unfolded.

**3.     Intervening and Superseding Causation Should Not Be The Subject of The Concurrent Causation Briefing Ordered By The Court.**

The Court should disregard Plaintiffs' attempt to brief new issues of intervening and

superseding causation.  Dkt. No. 77, pp. 10-11.  First and foremost, the Court permitted briefing

solely on concurrent causation, not other theories of liability.  Second, Judge Mitchell's R&R does

not, as detailed above, address the issue of intervening or superseding causation.  Since Plaintiffs

could not establish that Apple's conduct was a "cause in fact" of Plaintiffs' injuries, it is improper

to conduct a concurrent cause analysis.  The legal predicate of "cause in fact" has not been met.

Intervening and superseding causation are not relevant either.  Nonetheless, Plaintiffs spend the

majority of their brief on cases regarding intervening/superseding cause and foreseeability, Dkt.

No. 77, pp. 10-11.

Moreover, all the cases Plaintiffs rely on are legally and factually inapposite.  The case

most cited by Plaintiffs, *Dew v. Crown Derrick Erectors, Inc*., 208 S.W.3d 448 (Tex. 2006),

involved an opening on an oil derrick platform that led to a worker's fall and death.  The dispute

was  whether  one  of  the  defendants'  negligent  acts  constituted  an  intervening  cause  thereby

destroying the causal connection between an earlier defendant's negligence and plaintiff's injury.

*Id*. at 450.  Unlike here, there was no cause in fact analysis in the *Dew* case.  All defendants were

presumed to have been causes in fact of the plaintiffs' injuries.  Factually, neither *Dew* nor any of

---

[6] Dkt. No. 77, p. 2.

the other cases Plaintiffs rely on are similar to the present matter.  None are product liability cases. Much more persuasive are the cases discussed in Apple's motion to dismiss and before the Court at the hearing on Plaintiffs' objections to the R&R.  In particular, the *Modisette v. Apple Inc.* case is directly on point.  Agreeing with Judge Mitchell's reasoning, the court found that "[t]he chain of causation alleged by Plaintiffs in this case is far too attenuated for a reasonable person to conclude that Apple's conduct is or was a substantial factor in causing Plaintiffs' harm."  *See* Dkt. No. 68, Apple's Notice of Order, p. 2.  The *Modisette* court further expressed its concern that the imposition of a duty on Apple in these circumstances would be "contrary to public policy":  "Apple cannot control what people do with the phones after they purchase them.  To place a duty on Apple to develop and install additional software, or issue warnings to users, because the phone might be involved in a car accident would be akin to making a car manufacturer install software that caps a vehicle's speed, or warn car buyers against driving above the speed limit because the car might be negligently used in such a way that it causes as accident."  *Id*. at Ex. 1, p. 8.

Nor does Apple have a duty to provide a "distraction barrier" as the court stated in *Lompoc Unified School District v. The Superior Court of Santa Barbara County* (20 Cal.App.4th 1688 (1993)).  In *Lompoc*, the court dismissed plaintiff's complaint and found that the school district had no duty to provide "a distraction barrier" which would prevent a passing motorist from observing the event; the court observed the indisputable: ". . .*the motorist has the duty to exercise reasonable care at all times, to be alert to potential dangers, and to not permit his or her attention to be so distracted by an interesting site that such would interfere with the safe operation of a motor vehicle*." *Id.* at 1694 (emphasis added).

8

**<u>CONCLUSION</u>**

As Judge Mitchell correctly stated, "Plaintiffs' First Amended Complaint sets forth their best case on the causation element of their claims, but still falls short of stating legally cognizable claims of strict products liability and negligence." Dkt. No. 54, p.10.  The allegations asserted in Plaintiffs' First Amended Complaint against Apple are not plausible, and every court to consider this type of claim has rejected it.  Defendant Apple respectfully requests this Honorable Court overrule Plaintiffs' objections and adopt the Report and Recommendation in its entirety.


Dated:  July 31, 2017                                   Respectfully submitted,


                                                        By: */s/ Eric H. Findlay*
                                                        Eric H. Findlay
                                                        State Bar No. 00789886
                                                        Brian Craft
                                                        State Bar No. 04972020
                                                        Debby Gunter
                                                        State Bar No. 24012752
                                                        Findlay Craft, P.C.
                                                        Principal Office:
                                                        102 N. College Ave. Suite 900
                                                        Tyler, Texas  75702
                                                        Tel:  (903) 534-1100
                                                        Fax:  (903) 534-1137
                                                        Email: efindlay@findlaycraft.com
                                                        Email: bcraft@findlaycraft.com
                                                        Email: dgunter@findlaycraft.com

                                                        *COUNSEL FOR DEFENDANT*
                                                        *APPLE INC.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 31, 2017, the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  This Response was served on all counsel by electronic filing.

*/s/ Eric H. Findlay*
Eric H. Findlay