IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KIMBERLY MEADOR, AMOS STANDARD and RUSSELL JONES, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CAUSE NO. 6:15-CV-00715-RWS-KNM |
| APPLE, INC., | § § § | |
| Defendant. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge ("Report"; Docket No. 54), which contains her findings, conclusions and recommendation regarding Defendant Apple, Inc.'s ("Apple") Motion to Dismiss ("Motion"; Docket No. 7), has been presented for consideration. The Report recommends that Defendant's Motion be granted and that Plaintiffs' claims be dismissed with prejudice. Plaintiffs Kimberly Meador, Amos Standard and Russell Jones (collectively "Plaintiffs" or "Meador") filed objections to the Report (Docket Nos. 60, 66). Plaintiffs also filed a Motion for Leave to File Second Amended Complaint (Docket No. 58). Defendant responded to Plaintiffs' objections (Docket No. 64) and Motion for Leave (Docket No. 65). The Court held a hearing on the objections on July 12, 2017 and requested supplemental briefing on the issue of concurrent causation (Docket Nos. 77 (Meador), 78 (Apple)).

Having reviewed the parties' submissions and the record, and having made a *de novo* review of the objected-to portions of the Report, the Court concludes that the findings of the Magistrate Judge are correct and that the objections are without merit. For the reasons below,

Plaintiffs' objections are **OVERRULED**, Defendant's Motion to Dismiss is **GRANTED** and Plaintiffs' Motion for Leave is **DENIED**.

**DISCUSSION**

In this case, Plaintiffs allege that a non-party, Ashley Kubiak, used her iPhone to check messages while driving, was inattentive to the road and, therefore, caused injury to Plaintiffs. Report at 1–2. Plaintiffs assert strict liability and negligence claims against Apple. *Id.* at 2. Plaintiffs allege that the iPhone, as designed and marketed, is defective and unreasonably dangerous because Apple failed to configure the iPhone to automatically disable a user's ability to operate the iPhone while driving and failed to warn users of the dangers of operating the iPhone while driving. *Id.* The Report finds that Plaintiffs' allegations do not establish that the allegedly defective design or improper marketing of the iPhone is a cause in fact of the accident and Plaintiffs' injuries. *Id.* at 9. The Magistrate Judge found that any defective or negligent design was too attenuated from Plaintiffs' injuries because of Kubiak's neglect of her duty to safely operate her vehicle. *Id.* Thus, the Report recommends that Defendant's Motion to Dismiss be granted. *Id.* at 9, 10. The Report further recommends that Plaintiffs' Motion for Leave be denied because Plaintiffs' proposed amendment would not establish causation. *Id.* at 10.

Plaintiffs object to the Magistrate Judge's Report on six grounds: (1) that they have sufficiently alleged causation (Docket No. 60 at 1–3); (2) that it is improper to grant a 12(b)(6) motion to dismiss on the issue of causation (*id.* at 3); (3) that the Magistrate Judge's reliance on *Lier Siegler Inc. v. Perez*, 819 S.W.2d 470 (Tex. 1991), and *Union Pump Co. v. Allbritton*, 898 S.W.2d 773 (Tex. 1995), is improper because those cases are distinguishable (*id.* at 4–5); (4) that the Magistrate Judge's "misconstruction of [the doctrine of] attenuation [. . .] creates dangerous precedent for product liability and negligence cases (*id.* at 5–6); (5) that the Magistrate Judge

overlooked well-pleaded allegations of derivative liability (*id.* at 6–7); and (6) that they should be given an opportunity to replead. *Id.* at 7–8. The Court addresses each objection below.

### A. First Objection: Causation

Plaintiffs' first objection to the Magistrate Judge's conclusion that Plaintiffs have not plausibly alleged causation in fact is without merit. "The test for cause in fact is whether the [complained-of] act or omission was a substantial factor in bringing about the injury, without which the harm would not have occurred." *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) (internal quotations omitted). "Cause in fact is not shown if the defendant's [alleged conduct] did no more than furnish a condition which made the injury possible." *Id.* (citation omitted).

In this case, Plaintiffs allege that "the technology behind the iPhone 5 as designed evokes a neurobiological response that bypasses judgment [and creates] a compulsion, an addiction, that a driver engages in without realizing." Docket No. 60 at 1. Even taking Plaintiffs' factual assertion as true, Plaintiffs have not shown that the injuries or damages complained of follow "in a natural sequence"[1] from the allegedly defective design of the iPhone. When a driver negligently operates her vehicle because she is engaging in compulsive or addictive behaviors such as eating food[2], drinking alcohol or smoking tobacco, it is the driver's negligence in engaging in those activities that causes any resulting injuries, not the cook's, distiller's or tobacconist's supposed negligence in making their products so enticing. Similarly, Kubiak's decision to direct her attention to her

---

[1] S*ee* Docket No. 60 at 1 (citing *Wright v. Ford Motor Co.*, 2005 U.S. Dist. LEXIS 47676 (E.D. Tex. 2005)).

[2] Food addiction may lead to loss of control, chemical dependencies on food and distorted thinking. 1 GUIDE TO EMPLOYEE MEDICAL LEAVE § 5:119 (West 2016).

iPhone 5 and maintain her attention on her phone instead of the roadway is the producing cause of the injury to Plaintiffs.[3]

In their supplemental briefing, Plaintiffs argue that the allegedly defective design of the iPhone was a cause in fact of Plaintiffs' injuries. Docket No. 77 at 9. Specifically, Meador first contends that "the harmful forces of contemporaneous use and compulsive use of the iPhone 5 while driving at highway speed, still persisted, up until the time of impact between Kubiak's vehicle and the Plaintiff's vehicle." *Id.* Second, Meador argues that "Kubiak's conduct in reading a message while driving at highway speed on her iPhone 5, was completely dependent upon a defectively designed iPhone 5 without an automatic 'lock-out' safety feature." *Id.*

First, the allegation that the iPhone exerted "forces" on Kubiak after she initially diverted her attention from the roadway fails for the same reason as the allegation that the iPhone caused Kubiak to divert her attention in the first place. The iPhone is an inanimate object. No matter how interesting the iPhone may be to its users, it cannot decide for a user how to allocate the user's attention among the various stimuli that may be present in a car.

Second, the allegation that Kubiak's conduct depended on the defective design of the iPhone shows why the allegedly defective design of the iPhone is not a cause in fact of Plaintiffs' injuries. Another way of saying that the iPhone did not lock Kubiak out of using it (i.e., create a condition in which Kubiak could not use it) is to say that the iPhone permitted Kubiak to use it (i.e., created a condition in which Kubiak could use it). This Court concurs in the Magistrate Judge's finding that the iPhone "did nothing more than create the condition that made Plaintiffs' injuries possible." Docket No. 54 at 9.

---

[3] Plaintiffs do not allege that iPhones deprive their users of free will. *See* Docket No. 75 at 20:23–25 ("Now, are we saying that these iPhones cause users to become mindless zombies and control them? No, we're not saying that at all.").

The Court also agrees with the Magistrate Judge that Apple's alleged conduct is not a cause in fact of Plaintiffs' injuries. Cause in fact is an element of proximate cause, which is an element of Meador's claim for negligence. *See Doe*, 907 S.W.2d at 477 (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)); *see also* Docket No. 33 (First Amended Complaint) at ¶ 38 (pleading proximate causation).[4] When an injury has two causes in fact, those causes may be concurrent, meaning they are both proximate causes, or one cause may supersede the other, meaning only the superseding cause is proximate. *See Travis*, 830 S.W.2d at 98. If, as here, the injury has only one cause in fact, then only that cause may be (but is not necessarily) the proximate cause of the injury.

Plaintiffs argue that the Magistrate Judge erred by not considering concurrent causation in her Report. Docket No. 75 at 21:4–16 ("When we talk about the R and R not applying the appropriate law in Texas, [the failure to analyze concurrent cause is] what we're referring to."). Plaintiffs' objection conflates the Magistrate Judge's evaluation of the remoteness or attenuation of the injury from Apple's alleged conduct, which is an appropriate part of the cause in fact inquiry,[5] with the inquiry into concurrent or superseding cause, which the Magistrate Judge would have reached only had she determined that Apple's alleged conduct was a cause in fact of the injury. Because the Magistrate Judge properly found that Apple's alleged conduct is not a cause in fact of the injury, she was correct not to evaluate whether the same conduct was also a proximate cause of the injury.

---

[4] Legal conclusions in a complaint are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009).

[5] *See Doe*, 907 S.W.2d at 477 (citing *Boyd v. Fuel Distribs., Inc.*, 795 S.W.2d 266, 272 (Tex.App.–Austin 1990, writ denied); *Texas Am. Bank v. Boggess*, 673 S.W.2d 398, 402 (Tex.App.–Fort Worth 1984, writ dism'd by agr.); *Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 776 (Tex. 1995); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 472 (Tex. 1991)).

### B. Remaining Objections

Plaintiffs' second objection is that causation is "generally" a question of fact for the jury,[6] but the Court finds that is not so in this particular case. Plaintiffs claim that the Report made an impermissible decision on the factual merits when it decided Apple's conduct was not a legal cause of Plaintiffs' injuries. *Id.* (citing *Intercon Solutions Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1046 (N.D. Ill. 2013); *Twombly*, 550 U.S. at 563 n.8). However, the Report found Plaintiffs failed to allege causation as a matter of law. In other words, the Magistrate Judge held that even if the iPhone 5 permitted Kubiak to use it while driving and the iPhone 5's design engenders a neurobiological response in its users, those facts together are still too far removed from Kubiak's decision to take her attention off of the roadway for the allegedly defective design to be the legal cause of Plaintiffs' injuries. Thus, the Report did not resolve any question of fact in finding the causation allegations legally deficient.

Plaintiffs' third objection, that *Lear Siegler* and *Union Pump* are distinguishable from the present case, also fails. First, Plaintiffs contend that *Lear Siegler* and *Union Pump* are inapposite because they were decided on motions for summary judgment. Docket No. 60 at 4. Regardless of the procedural posture of those cases, they establish the failure of causation when an injury is attenuated from the accused design. Plaintiffs' second contention is that the "daisy chain of events" that occurred in *Lear Siegler* and *Union Pump* is distinguishable from the "simple and simultaneously occurring" causation in this case. *Id.* at 4–5. The chain of events in this case is complicated by Kubiak's negligence in diverting her attention away from the road and maintaining

---

[6] *See* Docket No. 60 at 3 (citing *DiSalvatore v. Foretravel, Inc.*, 2016 U.S. Dist. LEXIS 95246, at *39 (E.D. Tex. June 30, 2016)).

her attention on her iPhone, and the Magistrate Judge did not err in analogizing the facts of this case to those in *Lear Siegler* and *Union Pump*.

Plaintiffs finally contend that their theory of causation is analogous to *Flock v. Scripto-Tokai Corporation*, 319 F.3d 231 (5th Cir. 2003); *Wright v. Ford Motor Company*, 2005 U.S. Dist. LEXIS 47676; and *Hinson v. Dorel*, Case No. 2:15-cv-713-JRG-RSP at Docket No. 41 (E.D. Tex. April 1, 2016)). Docket No. 60 at 2–3, 6. Each of these cases is distinguishable. *Flock* held that the lack of a child-resistant mechanism on a lighter was a "substantial factor" in a four-year-old child accidentally starting a house fire that resulted in his and his mother's death. *Flock*, 319 F.3d at 235. *Flock* is distinguishable because Kubiak is not a child. In *Wright*, a driver accidentally backed over and killed a child, despite exercising due care, because the vehicle she was driving had a large blind spot and did not include a sufficient back-up alarm. *Wright*, 2005 U.S. Dist. LEXIS 47676, at *2. This case is distinguishable because Kubiak failed to exercise due care in operating her vehicle while using her iPhone. *Hinson* involved a failure to give appropriate warnings with a front-facing car seat that allegedly resulted in injury to a child. *Hinson*, Case No. 2:15-cv-713, Docket No. 41 at ¶¶ 6–9, 13–15. Like the driver in *Wright*, the parent in *Hinson* used the car seat as they (incorrectly) thought was proper. *See id.*, Docket No. 183 at 223:25–227:23 (mother testifying to installing car seats and buckling-in child as she thought proper in light of reading the manual). Again, this case is distinguishable because Kubiak did not exercise ordinary care. In sum, the Magistrate correctly identified and relied on the most analogous cases.

Plaintiffs' fourth objection fails because it misunderstands the nature of this case. In arguing that the Report will have a damaging precedential effect on the law of products liability, Plaintiffs specifically object to the Magistrate Judge's conclusion that Apple's influence "came to rest after the incoming message was delivered to Kubiak's iPhone." Docket No. 60 at 5 (citing

Report at 9). Plaintiffs compare this case to another involving Takata airbags, implying that airbags "come to rest" before any defect in the airbags can cause harm. Airbag defects are hidden, and the operation of an airbag occurs during a collision (i.e., the force of the defect does not "come to rest" before the crash); by contrast, the dangers of texting while driving are readily apparent and the normal text-messaging operation of a cellphone is not while driving. Plaintiffs re-allege "that Kubiak's neglect is inextricably intertwined with" the alleged tendency of the iPhone 5 to compel driver reaction to and interaction with incoming messages. Even if the technology in the iPhone 5, like food, alcohol or tobacco, may give rise to compulsive or addictive behaviors, Kubiak's negligence in choosing to indulge in such behavior *while driving* does not redound to Apple.

Plaintiffs' fifth objection, that the Report overlooked allegations of derivative liability, is also without merit. In support of their objection, Plaintiffs state, "Apple's conduct in placing into the stream of commerce a device that is the cause and conduit of distracted driving behavior, cannot be extricated from the act of using that device to engage in distracted driving behavior." Docket No. 60 at 7. Plaintiffs' allegation that Apple placed into commerce an unreasonably unsafe product sounds in products liability, not "derivative liability." *See* William D. Underwood & Michael D. Morrison, *Apportioning Responsibility in Cases Involving Claims of Vicarious, Derivative, or Statutory Liability for Harm Directly Caused by the Conduct of Another*, 55 BAYLOR L. REV. 617, 642 (2003) (listing examples of causes of action giving rise to derivative liability including negligent hiring, supervision, retention, security and entrustment).

### C. Supplemental Objections

Plaintiffs filed a Supplement to the objections to the Report (Docket No. 66), to which Defendants responded (Docket No. 67). Defendants objected to Plaintiffs' Supplement as

procedurally improper. Docket No. 67 at 2. Although the Supplement was filed untimely under Local Rule CV-72(c), the Court addresses the arguments made in the Supplement below.

In their Supplement, Plaintiffs contend that the National Highway Traffic Safety Administration ("NHTSA") prepared voluntary guidelines that place the burden on phone manufacturers to reduce the effects of texting and driving. *See generally* Docket No. 66. Defendant responds that Plaintiffs' Supplement is irrelevant and mischaracterizes the proposed guidelines. *See generally* Docket No. 67.

It is unclear that the Court should consider guidelines proposed in 2016 in analyzing the cause in fact of the accident in this case, which took place in 2013. Even if the Court were to consider the proposed guidelines, it would credit the statement in the guidelines that "it remains the driver's responsibility to ensure the safe operation of the vehicle and to comply with all traffic laws." Docket No. 67 at 3 (quoting Docket No. 66-2 at 9). Moreover, to the extent Plaintiffs imply that Apple's alleged derogation from the guidelines constitutes negligence *per se*, such implication fails because of the voluntary and non-binding nature of the guidelines. *See id.* (citing Docket No. 66-2 at 8, 12, 73, 75).

Finally, to the extent that NHTSA has found that smartphones have a role in distracted driving and therefore traffic fatalities, that finding is (a) not specifically connected to the facts of this case and (b) does not establish causation in fact. The NHTSA guidelines refer to smartphones generally, not specifically to the iPhone 5 alleged to be defectively designed in this case. More importantly, the guidelines do not establish that any smartphone does more than create the conditions in which a driver may choose to act negligently. Therefore, even if Apple could have had a role in preventing the conditions that permitted Kubiak's negligence in failing to pay

appropriate attention to the roadway, Apple's alleged failure to do so is not a cause in fact of Plaintiff's injuries under the facts of this case.

### D. Leave to Amend

Finally, the Court concurs with the Magistrate Judge that leave to amend should be denied in this case because "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." *See* Docket No. 54 at 9 (quoting 6 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007)). In their proposed Second Amended Complaint, Plaintiffs mainly put forth more allegations concerning addiction and compulsion. *See generally* Docket No. 59. Specifically, Plaintiffs added summary opinions of their expert, Dr. David Greenfield. *Id.* at 11. Dr. Greenfield states that when Kubiak received a notification on her iPhone, she responded to an automatic neurobiological compulsion to read the message. *Id.* Therefore, Plaintiffs argue, Kubiak's inattentive driving is not the cause in fact of the collision. Docket No. 60 at 7. Instead, Plaintiffs contend, "the compulsion triggered by the iPhone 5, in conjunction with the compulsive act of reading the message delivered by Ms. Kubiak's iPhone 5, caused the immediately subsequent collision in question." *Id.*

Even taking all factual allegations in the Second Amended Complaint as true, Plaintiffs do not state a plausible claim for relief. In order to be the cause in fact of a plaintiff's injuries, a "defendant's conduct [must have] such an effect in producing the harm as to lead reasonable men to regard it as the cause." Docket No. 54 at 8 (quoting RESTATEMENT (SECOND) OF TORTS § 431 cmt. a (1965); *see Union Pump*, 898 S.W.2d at 776; *Lear Siegler, Inc.*, 819 S.W.2d at 472). "A plaintiff cannot demonstrate cause in fact where 'the defendant's conduct or product does no more

than furnish the condition that makes the plaintiff's injury possible.'"[7]  *Id.* at 6–7 (quoting *Union Pump Co*, 898 S.W.2d at 775).  If a defendant's conduct only furnishes the condition that makes a plaintiff's injuries possible, then it is "too remotely connected with [that plaintiff's] injuries to constitute their legal cause."  *Id.* at 9 (citing *Transcon. Ins. Co.*, 330 S.W.3d at 223).

Leave to amend should be denied in this case the proposed changes to the complaint advance a claim that is legally insufficient on its face.  Plaintiffs ask the Court to hold Apple liable for providing a condition that made possible Kubiak's negligence, which in turn caused Plaintiffs' injuries.  *See generally* Docket No. 59.  Apple's conduct is too remotely connected to Plaintiffs' injuries to be their legal cause.  *See Union Pump*, 898 S.W.2d at 775.

## CONCLUSION

Having conducted a *de novo* review of all objected-to portions of the Report, the Court finds no error and accordingly **ADOPTS** as its own the findings and conclusions in the Report. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Docket No. 7) is **GRANTED**;

**ORDERED** that Plaintiffs' Motion for Leave to File Amended Complaint (Docket No. 58) is **DENIED**; and

**ORDERED** that Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

---

[7] A clear definition of "condition" is not firmly established under Texas law, although the Texas Supreme Court held: "there may be a case in which a product defect or defendant's negligence exposes another to an increased risk of harm by placing him in a particular place at a given time." *Lear Siegler*, 819 S.W.2d at 472.  Subsequent cases that interpret what a condition is generally relate to this holding by the Texas Supreme Court.  *See IHS Cedar Treatment Ctr. of DeSoto, Texas, Inc. v. Mason*, 143 S.W.3d 794, 801 (Tex. 2004) (holding the act of discharging a patient merely created the condition for that patient to get into a car accident and, therefore, was not the proximate cause as a matter of law).

**So ORDERED and SIGNED this 17th day of August, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE